1   PAUL L. REIN, Esq. (State Bar # 43053)
    PATRICIA BARBOSA, Esq. (State Bar # 125865)
2   JULIE MCLEAN, Esq. (State Bar # 215202)
    LAW OFFICES OF PAUL L. REIN
3   200 Lakeside Dr., Suite A
    Oakland, California 94612
4   Telephone:    (510) 832-5001

5   Attorneys for Plaintiffs
    SEBASTIAN DEFRANCESO,
6   SHERYL MIFSUD, and PAUL MIFSUD

7

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11  SEBASTIAN DEFRANCESCO,              Case No. C04-4834 JW

12          Plaintiff,

                                        **CONSENT DECREE AND ORDER**
13       v.

14  CHATEAU MASSON, LLC; and
    DOES 1-25, Inclusive,
15
            Defendants.
16
    CHATEAU MASSON, LLC,
17
            Third Party
18          Plaintiff,

19       v.

20  BILL GRAHAM PRESENTS, INC.,
    and DOES 26-50, inclusive.
21
            Third Party
22          Defendants.

23  SHERYL MIFSUD and PAUL MIFSUD       Case No. C05-1400 JW

24          Plaintiffs,

25       v.

26  CHATEAU MASSON, LLC; and
    DOES 1-25, Inclusive,
27
            Defendants.
28

1  CHATEAU MASSON, LLC,

2          Third Party
           Plaintiff,

3

4       v.

5  BILL GRAHAM ENTERPRISES,
   INC., and DOES 26-50,
   Inclusive.

6

7          Third Party
           Defendants.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CONSENT DECREE AND ORDER**

2      1.   On November 11, 2004, plaintiff SEBASTIAN DEFRANCESCO

3  filed the action entitled DeFrancesco v. Chateau Masson, LLC

4  (Case No. 04-4834 JW) against Chateau Masson, LLC ("Chateau

5  Masson").  On  April 6, 2005, plaintiffs PAUL MIFSUD and SHERYL

6  MIFSUD filed the action entitled Mifsud v. Chateau Masson, LLC

7  (Case No. 05-1400 JW) against Chateau Masson.  The two actions

8  shall be referred to, collectively, as the Actions, and the

9  plaintiffs in the Actions shall be referred to, collectively, as

10  the Plaintiffs.

11      2.   In the Actions, the Plaintiffs filed claims to enforce

12  provisions of the Americans with Disabilities Act of 1990

13  ("ADA"), 42 U.S.C. 12101 et seq., and California civil rights

14  laws against Chateau Masson.  Plaintiffs have specifically

15  alleged that Chateau Masson violated Title III of the ADA,

16  sections 51, 52, 54.1, and 55 of the California Civil Code, and

17  sections 19955 et seq., of the California Health and Safety Code

18  by failing to provide full and equal access to the facility known

19  as the Mountain Winery located in the City of Saratoga, County of

20  Santa Clara, California, and related facilities, including

21  accessible parking, an accessible entrance into the concert

22  stadium, accessible seating, and accessible restroom facilities

23  when plaintiffs allegedly attended public events at the Mountain

24  Winery.

25      3.   On June 9, 2005, in DeFrancesco v. Chateau Masson, LLC

26  (Case No. 04-4834 JW), Chateau Masson filed a third party

27  complaint against Bill Graham Presents, Inc. ("BGP").  On May 13,

28  2005, in Mifsud v. Chateau Masson, LLC (Case No. 05-1400 JW),

1    Chateau Masson filed a third party complaint against Bill Graham

2    Enterprises, Inc.  The two third party complaints shall be

3    referred to, collectively, as the "Third Party Complaints."

4        4.   Chateau Masson denies Plaintiffs' allegations in the

5    Actions and, by entering into this Consent Decree and Order, does

6    not admit liability.  Bill Graham Presents, Inc., and Bill Graham

7    Enterprises, Inc. also deny Plaintiffs' allegations in the

8    Actions, as well as Chateau Masson's allegations in the Third

9    Party Complaints, and by entering into this Consent Decree and

10   Order, do not admit liability.  The parties hereby enter into

11   this Consent Decree and Order for the purpose of resolving

12   Plaintiffs' claims against Chateau Masson without the need for

13   protracted litigation, and without the admission of any

14   liability.

15   **JURISDICTION:**

16       5.   The parties agree that the Court has jurisdiction of

17   this matter pursuant to 28 U.S.C. §1331 for violations of the

18   Americans with Disabilities Act of 1990, 42 U.S.C. 12101 *et seq.*

19   and pursuant to pendent jurisdiction for violations of California

20   Health & Safety Code §19955 *et seq.*, including §19959; Title 24

21   California Code of Regulations; and California Civil Code 51, 52,

22   54; 54.1; §54.3; and 55.

23       6.   In order to avoid the costs, expense, and uncertainty

24   of protracted litigation, plaintiffs, Chateau Masson, Bill Graham

25   Presents, Inc. and Bill Graham Enterprises, Inc. agree to entry

26   of this Consent Decree and Order to resolve all claims that were

27   raised in or could have been raised in the Actions by Plaintiffs,

28   including but not limited to all claims for injunctive relief,

1  damages, attorney fees, litigation expenses and costs.

2  Accordingly, they agree to the entry of this Order without trial

3  or further adjudication of any issues of fact or law concerning

4  those claims.

5  WHEREFORE, the parties hereby agree and stipulate to the

6  Court's entry of this Consent Decree and Order, which provides as

7  follows:

8  **SETTLEMENT OF CLAIMS FOR INJUNCTIVE RELIEF:**

9  7.    This Order shall be a full, complete and final

10  disposition and settlement of all of Plaintiffs' claims against

11  Chateau Masson, Bill Graham Enterprises, Inc. and Bill Graham

12  Presents, Inc.  The parties agree that there has been no

13  admission or finding of liability or violation of the ADA and/or

14  California civil rights laws, and this Consent Decree and Order

15  should not be construed as such.

16  8.    Chateau Masson agrees to undertake the corrective work

17  at the Mountain Winery as detailed in Attachment A, and Bill

18  Graham Enterprises, Inc. agrees to modify its policies and

19  practices as detailed in Attachment A.  Attachment A is

20  incorporated by reference herein as if fully set forth in this

21  document. Plaintiffs acknowledge and agree that, following

22  completion of the work specified in Attachment A, Chateau Masson

23  may (in compliance with the California Code of Regulations, Title

24  24, and the ADA) further alter, modify, demolish, rebuild and/or

25  renovate the facilities in which it is performing the work

26  specified in Attachment A, including as part of an anticipated

27  renovation project.   Nothing in this Consent Decree is intended

28  to modify, limit, interfere with or otherwise affect Chateau

1   Masson's ability, right and/or entitlement to further alter,

2   modify, demolish, rebuild and/or renovate the facilities.

3   **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

4   9.   The parties have agreed to a full and final resolution

5   of plaintiffs' claims for monetary relief, damages, attorney

6   fees, litigation expenses and costs.  Chateau Masson shall pay to

7   plaintiffs Sebastian DeFrancesco, Paul Mifsud, and Sheryl Mifsud

8   the amount of Thirty-Four Thousand Dollars and No/100

9   ($34,000.00) each as full and final resolution of plaintiffs'

10  claims for all statutory, actual, and personal injury damages,

11  including general, compensatory, and special damages.  Chateau

12  Masson shall also pay the amount of One Hundred Five Thousand Six

13  Hundred Ninety Dollars and No/100 ($105,690) as full and final

14  resolution of plaintiffs' claims for attorney fees, litigation

15  expenses and costs.  Payment shall be made by one check, in the

16  total amount of Two Hundred Seven Thousand Six Hundred Ninety

17  Dollars and No/100 ($207,690), made payable to "Paul L. Rein in

18  trust for Sebastian DeFrancesco, Paul Mifsud and Sheryl Mifsud."

19  Payment shall be made within fifteen (15) days of the parties'

20  full execution of the Consent Decree.  However, Plaintiffs'

21  attorneys shall hold said payment in their client trust account,

22  and shall not distribute or disburse such payment to Plaintiffs

23  or themselves unless and until the Court enters the Consent

24  Decree.

25  **ENTIRE CONSENT DECREE AND ORDER:**

26  10.   This Consent Decree and Order, and any appendices

27  attached, constitute the entire agreement between the parties on

28  the matters described herein, and no other statement, promise, or

1  agreement, either written or oral, made by any of the parties or

2  agents of any of the parties, that is not contained in this

3  written Consent Decree and Order, shall be enforceable regarding

4  the matters described herein.

5  **CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN**

6  **INTEREST:**

7      11.   This Consent Decree and Order shall be binding on

8  plaintiffs Sebastian Defrancesco, Sheryl Mifsud, Paul Mifsud, on

9  defendant Chateau Masson LLC, and on Third Party Defendants Bill

10 Graham Enterprises, Inc. and Bill Graham Presents, Inc., and on

11 any of their successors in interest.  The parties have a duty to

12 so notify all such successors in interest of the existence and

13 terms of this Consent Decree and Order during the period of the

14 Court's jurisdiction of this Consent Decree.

15 **TERM OF THE CONSENT DECREE AND ORDER:**

16     12.   The Court shall retain jurisdiction over the Complaints

17 and Third Party Complaints.  The Court shall retain jurisdiction

18 of the Complaints, including to enforce provisions of this Order,

19 for a period of twenty-four months after the date of entry of

20 this Consent Decree, or until the injunctive relief contemplated

21 by this Order is completed, whichever occurs later.

22 **SEVERABILITY:**

23     13.   If any term of this Consent Decree and Order is

24 determined by any court to be unenforceable, the other terms of

25 this Consent Decree and Order shall nonetheless remain in full

26 force and effect.

27

28

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

14.   Releases By Plaintiffs: Plaintiffs, on behalf of themselves, their respective agents, representatives, predecessors, successors, heirs, partners, attorneys, and assigns, release and forever discharge Chateau Masson, LLC, Bill Graham Enterprises, Inc. and Bill Graham Presents, Inc., and each of them, and each of their owners, members, officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives, of and from any and all causes of action, suits, accounts, claims, losses, demands, damages, debts, liabilities, actions, causes of action, costs and expenses (including, without limitation, reasonable attorneys' fees) of any kind and nature whatsoever, whether now known or unknown, anticipated or unanticipated, and howsoever arising or accruing (collectively, "Claims") that relate in any way to or arise from or in connection with the Actions.

15.   Future Claims:  Plaintiffs acknowledge and agree that, prior to May 1, 2007, they will not assert any Claims against Chateau Masson, Bill Graham Presents, Inc., or Bill Graham Enterprises, Inc. related to, or otherwise seek to require them to perform, any injunctive relief other than the injunctive relief specified in Attachment A ("Future Claims").  If, after May 1, 2007, Plaintiffs, or any of them, seek to assert Future Claims against Chateau Masson, Bill Graham Presents, Inc., or Bill Graham Enterprises, Inc. for injunctive relief other than the injunctive relief specified in Attachment A, plaintiffs will

1    first provide notice to Chateau Masson, Bill Graham Presents,
2    Inc., and/or Bill Graham Enterprises, Inc. (pursuant to paragraph
3    21 of the Consent Decree and Order) of their intention to assert
4    such Future Claims. Any Plaintiff asserting a Future Claim, as
5    defined in this paragraph 15, shall provide the notice required
6    by this paragraph 15 at least thirty (30) days before Plaintiffs,
7    or any of them, assert any such Future Claims. During the thirty-
8    day period commencing with the giving of any notice under this
9    paragraph 15, any Plaintiff asserting a Future Claim shall meet
10   and confer with attorneys of record in the Actions for Chateau
11   Masson, Bill Graham Presents, Inc., and/or Bill Graham
12   Enterprises, Inc. to attempt to resolve such Future Claim(s)
13   informally.

14        16.   Releases by Chateau Masson, Bill Graham Enterprises,
15   Inc. and Bill Graham Presents, Inc.:  Chateau Masson, LLC, Bill
16   Graham Enterprises, Inc. and Bill Graham Presents, Inc., on
17   behalf of themselves, their owners, members, officers, directors,
18   shareholders, subsidiaries, joint venturers, stockholders,
19   partners, parent companies, employees, agents, attorneys,
20   insurance carriers, heirs, predecessors, and representatives,
21   release and forever discharge Plaintiffs, and each of them, and
22   each of their agents, representatives, predecessors, successors,
23   heirs, partners, and assigns, of and from any and all Claims that
24   relate in anyway to or arise from or in connection with the
25   Actions.   Nothing in this release or in this Consent Decree
26   releases any Claims that (1) Chateau Masson, LLC has or may have
27   against Bill Graham Enterprises, Inc. and Bill Graham Presents,
28   Inc., or (2) Bill Graham Enterprises, Inc. or Bill Graham

1   Presents, Inc. has or may have against Chateau Masson.   By

2   entering into this Consent Decree, Chateau Masson does not

3   dismiss the Third Party Complaints, which continue to remain in

4   full force and effect.

5        17.   Waiver of California Civil Code Section 1542.   The

6   parties to the Consent Decree each acknowledge that he, she or it

7   has been informed by his, her or its attorney of, and is familiar

8   with, the provisions of California Civil Code Section 1542, which

9   provides as follows:

10           A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
             WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
11           TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
             EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
12           OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
             HER SETTLEMENT WITH THE DEBTOR.
13

14       The parties to this Consent Decree, being aware of said

15   Section, each hereby expressly waive and relinquish all rights

16   and benefits each of them has or may have or have thereunder, as

17   well as under any other statutes or common law principles of

18   similar effect, with respect to the Claims released hereunder.

19   The parties to this Consent Decree each acknowledge that they are

20   aware that each of them may hereafter discover facts different

21   from or in addition to those now known or believed to be true

22   with respect to the Claims herein released, and agree that these

23   releases shall be and remain in effect in all respects as

24   complete, general and mutual releases as to the matters to be

25   released, notwithstanding any such different and additional

26   facts.

27       18.   Representation and Warranties Re Releases.   The parties

28   hereby represent and warrant to each other that no Claims

1  released by each of them hereunder have been conveyed, assigned
2  or otherwise transferred to any third party.

3      19.  Limitation on Releases.  The releases set forth in
4  Paragraphs 14 through 17 shall not release any party to this
5  Consent Decree from its obligations pursuant to this Consent
6  Decree.

7  **SIGNATORIES BIND PARTIES:**

8      20.  Signatories on behalf of the parties represent that
9  they are authorized to bind the parties to this Consent Decree
10  and Order.

11  **NOTICES:**

12      21.  Any notice required or permitted to be given under the
13  provisions of this Consent Decree and Order shall be delivered to
14  the address(es) of the parties specified below (or to such other
15  address(es) that any party to the Consent Decree may provide in
16  writing following entry of this Consent Decree):

17  Notices to Plaintiffs:

18
19          Paul Rein
        Law Offices of Paul Rein
20          200 Lakeside Drive, Suite A
        Oakland, CA 94612
21          Telephone No. (510) 832-5001
        Telecopier No. (510) 832-4787

22  Notices to Chateau Masson:

23          Bernard S. Greenfield
        McGrane, Greenfield, Hannon & Harrington, LLP
24          40 South Market St., 2nd Floor
        San Jose, CA 95113
25          Telephone:  (408) 995-5600
        Facsimile:  (408) 995-0308

Clifford E. Yin
Coblentz, Patch, Duffy & Bass LLP
One Ferry Building, Suite 200
San Francisco, California   94111
Telephone: (415) 391-4800
Facsimile: (415) 989-1663

With a copy to:

William Hirschman
Chateau Masson LLC
15585 Los Gatos Boulevard
Los Gatos, CA 95032-2503
Telephone: (408) 402-9877
Facsimile: (408) 402-0607

Notices to Bill Graham Enterprises, Inc. and/or Bill Graham
Presents, Inc.

Valerie Sharpe
Littler Mendelson
650 California Street, 20th Floor
San Francisco, CA 94108
Telephone:  (415) 433-1940
Facsimile:  (415) 399-8490

With a copy to:

Sharon Sanders
Legal Department
Clear Channel Entertainment
2000 West Loop South, Suite 130
Houston, TX   77027

Lee Smith
President
Bill Graham Enterprises, Inc.
[insert address]

Dated:  August 31, 2005

_____
Plaintiff SEBASTIAN DEFRANCESCO

Dated:  August __, 2005

_____
Plaintiff SHERYL MIFSUD

12124.001.0080.b

12

Case Nos. 04-4834 JW, 05-1400 JW

CONSENT DECREE AND ORDER

1

Dated:   August ___, 2005

2

3
_____
Plaintiff SHERYL MIFSUD

4
Dated:   August ___, 2005

5
_____
Plaintiff PAUL MIFSUD

6

7
Dated:   August **31**, 2005

8

9
_____
Defendant CHATEAU MASSON LLC

Dated:   August ___, 2005

10

11
_____
Third-Party Defendant
BILL GRAHAM ENTERPRISES, INC.

12
Dated:   August ___, 2005

13

14
_____
Third-Party Defendant
BILL GRAHAM PRESENTS, INC.

15

APPROVED AS TO FORM:

16

Dated:   August ___, 2005

17
PAUL L. REIN
PATRICIA BARBOSA

18
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

19

20

21
_____
Attorneys for Plaintiffs
SEBASTIAN DEFRANCESCO; SHERYL
MIFSUD; PAUL MIFSUD

22

23

24

25

26

27

28

12124.001.0080.b

Case Nos. 04-4834 JW, 05-1400 JW

```
 1  │ Dated:   August __, 2005
 2  │
 3  │                                    Plaintiff SHERYL MIFSUD
    │ Dated:   August __, 2005
 4  │
 5  │                                    Plaintiff PAUL MIFSUD
 6  │
 7  │ Dated:   August __, 2005
 8  │
 9  │                                    Defendant CHATEAU MASSON LLC
    │ Dated:   August 3[, 2005
10  │
11  │                                    Third-Party Defendant
12  │                                    BILL GRAHAM ENTERPRISES, INC.
    │ Dated:   August 3(, 2005
13  │
14  │                                    Third-Party Defendant
15  │                                    BILL GRAHAM PRESENTS, INC.
    │ APPROVED AS TO FORM:
16  │
    │ Dated:   August __, 2005          PAUL L. REIN
17  │                                    PATRICIA BARBOSA
18  │                                    JULIE MCLEAN
    │                                    LAW OFFICES OF PAUL L. REIN
19  │
20  │
21  │                                    Attorneys for Plaintiffs
    │                                    SEBASTIAN DEFRANCESCO; SHERYL
22  │                                    MIFSUD; PAUL MIFSUD
23  │
24  │
25  │
26  │
27  │
28  │
```

12124.001.0080.b                          13          Case Nos. 04-4934 JW, 05-1400 JW
                                   CONSENT DECREE AND ORDER

1    Dated:   August 31, 2005            BERNARD S. GREENFIELD
2                                        BRIAN J. HANNON
                                         McGRANE, GREENFIELD, HANNON &
3                                        HARRINGTON LLP

4                                        CLIFFORD YIN
                                         COBLENTZ, PATCH, DUFFY & BASS
5                                        LLP

6

7                                        _____
                                         Attorneys for Defendant
8                                        CHATEAU MASSON, LLC

9
     Dated:   August ___, 2005           WENDY L. TICE-WALLNER
10                                       VALERIE SHARPE
                                         LITTLER MENDELSON
11

12

13                                       _____
                                         Attorneys for Third Party
14                                       Defendants BILL GRAHAM PRESENTS,
                                         INC. and BILL GRAHAM
15                                       ENTERPRISES, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

12124.001.0080.b

14                              Case Nos. 04-4834 JW, 05-1400 JW

1   Dated:   August ___, 2005

2                                BERNARD S. GREENFIELD
                                 BRIAN J. HANNON

3                                  McGRANE, GREENFIELD, HANNON &
                                 HARRINGTON LLP

4                                  CLIFFORD YIN
                                 COBLENTZ, PATCH, DUFFY & BASS

5                                  LLP

6

7                                  Attorneys for Defendant
                                 CHATEAU MASSON, LLC

8

9   Dated:   ~~August~~ **Sept. 7** ___, 2005

10                                  WENDY L. TICE-WALLNER
                                 VALERIE SHARPE

11                                  LITTLER MENDELSON

12

13                                  Attorneys for Third Party

14                                  Defendants BILL GRAHAM PRESENTS,
                                 INC. and BILL GRAHAM

15                                  ENTERPRISES, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## ORDER

2          Pursuant to stipulation, and for good cause shown, **IT IS SO**

3    **ORDERED.**

4

5    Dated: September 22, 2005

                                    HON. JAMES WARE
6                                   U.S. DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT A**

SEBASTIAN DEFRANCESCO v. CHATEAU MASSON, LLC. et al.
U.S.D.C., Northern District of California; Case No. C04-4834 JW; and
SHERYL and PAUL MIFSUD v. CHATEAU MASSON, LLC. et al.
U.S.D.C., Northern District of California; Case No. C05-1400 JW

     For purposes of full and final settlement of the claims asserted by Plaintiffs in the two above-cited related cases, Plaintiffs Sebastian DeFrancesco, Sheryl Misfud and Paul Misfud, on the one hand, and Chateau Masson, LLC ("Chateau Masson") and Bill Graham Enterprises, Inc. ("BGE"), on the other hand, hereby agree that Chateau Masson will perform the work and modify its policies and procedures as specified below, and BGE will modify its policies and procedures as specified below. The term "Effective Date" shall mean the date upon which the Consent Decree is filed and entered, following execution by all parties and the Court.

## CHATEAU MASSON

     For the 2005 and 2006 concert seasons, Chateau Masson agrees as follows:

1.    Parking: Chateau Masson will install a walkway in front of the designated disabled parking spaces to provide a path of travel to the shuttle pick-up area. Chateau Masson will complete the corrective work before the start of the 2006 concert season.

2.    Public restrooms: Chateau Masson has installed two portable sanitary facilities in the main plaza area. In addition, Chateau Masson will do the following: (a) Chateau Masson will install one accessible men's toilet stall in one of the existing public restrooms in compliance with California Code of Regulations, Title 24, Part 2 and Americans with Disabilities Act Accessibility Guidelines. Chateau Masson may renovate any of the public restroom facilities it deems most appropriate. (b) Chateau Masson will install one accessible women's toilet stall in one of the existing public restrooms in compliance with California Code of Regulations, Title 24, Part 2 and Americans with Disabilities Act Accessibility Guidelines, or will improve access to the restroom trailer. If Chateau Masson chooses to improve access to the restroom trailer, Chateau Masson may provide access via a ramp with running slopes of up to 10%, due to the existing conditions that make a fully accessible ramp infeasible. (c) Chateau Masson will install directional signage at inaccessible restroom facilities indicating the location of the accessible restroom facilities. (d) Chateau Masson will complete the corrective work before the start of the 2006 concert season.

3.    Interior Dining: Chateau Masson will construct a ramp to enter the Chateau and provide in the Chateau at least one table that has at least 27 inches of knee clearance, which is at least 19 inches in depth. Chateau Masson will also modify its policies by reserving the accessible table for use by disabled persons until the non-accessible dining tables have been reserved or are being used. Chateau Masson will complete the above corrective work within ten (10) days of the Effective Date.

4.    Exterior Dining: Chateau Masson will provide an accessible table in the area by the pool bar upon request. Chateau Masson will provide signage in the area by the pool bar indicating that such a table is available upon request and will provide training concerning the provision of that table. The existing ramp will be modified

16

to be accessible.  Chateau Masson will provide a lowered portion of the plaza bar, no higher than 34" and with a width of at least 36".  Chateau Masson will complete the corrective work within twenty (20) days of the Effective Date.

5.    Exhibit A:  Within thirty (30) calendar days of the Effective Date, Chateau Masson shall apply for a permit to undertake the work depicted in Exhibit A of this Consent Decree.  Chateau Masson shall take all reasonable steps to (a) ensure that the necessary permit is issued as expediently as possible, and (b) complete that work, following issuance of the required permit, prior to the start of the 2006 Concert Season.

## BILL GRAHAM ENTERPRISES, INC.

Bill Graham Enterprises, Inc.("BGE") agrees as follows:

1.    Shuttle:  BGE will provide either an MAPV trailer, a Columbia BC3-L shuttle, a wheelchair accessible van or wheelchair accessible golf cart to transport disabled persons from the designated accessible parking area to the main public entrance.  It will institute a policy of maintaining this shuttle service during concerts.  BGE has instituted this policy modification as of August 24, 2005.  For the 2006 concert season, this shuttle service shall be provided through the use of an MAPV trailer, Columbia BC3-L trailer or wheelchair accessible golf cart.

## CONCERT SEATING

1.    2005 Season:  For the remainder of the 2005 concert season, BGE will modify its policies and procedures to provide at BGE sponsored events the following seats: (a) 2 wheelchair accessible seats and 2 companion seats in the front row of the floor seating.  BGE will choose the exact location of those seats; (b) 5 wheelchair accessible seats and 5 companion seats in the general admission bleacher area now designated as accessible (typically referred to by the parties as the "orange area"); and (c) 4 wheelchair seats and 4 companion seats in the Redwood Plaza area (collectively, the "Accessible Seating Options").  BGE will further modify its policies and procedures to offer these seating options on a first come first serve basis to those persons who purchased wheelchair accessible seats.  BGE instituted these policy modifications as of August 16, 2005.

2.    2006 Season:  For the 2006 concert season, following issuance of a permit, Chateau Masson will install the accessible wheelchair spaces and companion seats as shown on Exhibit A.  In the event that Chateau Masson is unable to obtain a permit to do the work shown on Exhibit A, and/or during the time that Chateau Masson is waiting for permit approval or is completing the work shown on Exhibit A, BGE will continue to provide at BGE sponsored events the "Accessible Seating Options" for the 2006 concert season.  Once Chateau Masson has completed the work shown on Exhibit A, BGE will modify its policies and procedures to provide at BGE sponsored events the following seats:  (a) at least 8 wheelchair accessible seats and 8 companion seats in the general admission bleacher area now designated as accessible, as depicted on Exhibit A; and (b) 4 wheelchair seats and 4 companion seats in the Redwood Plaza Area.

Case Nos. 04-4834 JW, 05-1400 JW

CONSENT DECREE AND ORDER

## MEET AND CONFER

1.      At least ten (10) business days before plaintiffs seek any relief under the Consent Decree, including but not limited to by way of a motion to compel compliance with the Consent Decree, plaintiffs will provide a notice to Chateau Masson and/or BGE (pursuant to paragraph 21 of the Consent Decree) of their intention to seek such relief and will then meet and confer with Chateau Masson's attorneys and/or BGE's attorneys.  In the event that the parties are unable to resolve any issues raised by plaintiffs during that meet and confer period, plaintiffs may then seek further relief from the Court under this Consent Decree.

2.      In the event that Chateau Masson or BGE experience unforeseen difficulties that prevent them from completing the agreed-upon work or the agreed-upon modifications to policies and practices either at all or in the deadlines specified herein, Chateau Masson and/or BGE will (a) notify plaintiffs' counsel in writing within fifteen (15) days, (b) may seek relief from the Court from the obligations imposed in the Consent Decree and (c) may, upon a showing of good cause, obtain relief from such obligations as the Court deems appropriate.



THE MOUNTAIN WINERY PROPOSED LOWER CONCERT BOWL ADA SE

1/8" = 1'-0"

7-20-05

1   Dated:   August 31, 2005

2

3                                        Plaintiff PAUL MIFSUD

4
    Dated:   August __, 2005
5

6                                        Defendant CHATEAU MASSON LLC

7   Dated:   August __, 2005

8
                                         Third-Party Defendant
9                                        BILL GRAHAM ENTERPRISES, INC.

10  Dated:   August __, 2005

11
                                         Third-Party Defendant
12                                       BILL GRAHAM PRESENTS, INC.

13  APPROVED AS TO FORM:

14  Dated:   August 31, 2005             PAUL L. REIN
                                         PATRICIA BARBOSA
15                                       JULIE MCLEAN
                                         LAW OFFICES OF PAUL L. REIN
16

17

18                                       Attorneys for Plaintiffs
                                         SEBASTIAN DEFRANCESCO; SHERYL
19                                       MIFSUD; PAUL MIFSUD

20
    Dated:   August __, 2005             BERNARD S. GREENFIELD
21                                       BRIAN J. HANNON
                                         McGRANE, GREENFIELD, HANNON &
22                                       HARRINGTON LLP

23                                       CLIFFORD YIN
                                         COBLENTZ, PATCH, DUFFY & BASS
24                                       LLP

25

26
                                         Attorneys for Defendant
27                                       CHATEAU MASSON, LLC

28

12124.001.0080.b                    13              Case Nos. 04-4834 JW, 05-1400 JW

1  
2        Clifford E. Yin  
        Coblentz, Patch, Duffy & Bass LLP  
        One Ferry Building, Suite 200  
3        San Francisco, California  94111  
        Telephone: (415) 391-4800  
4        Facsimile: (415) 989-1663  

5    With a copy to:  

6        William Hirschman  
        Chateau Masson LLC  
7        15585 Los Gatos Boulevard  
        Los Gatos, CA 95032-2503  
8        Telephone: (408) 402-9877  
        Facsimile: (408) 402-0607  
9  

10   Notices to Bill Graham Enterprises, Inc. and/or Bill Graham  
     Presents, Inc.  
11  
        Valerie Sharpe  
12        Littler Mendelson  
        650 California Street, 20th Floor  
13        San Francisco, CA 94108  
        Telephone: (415) 433-1940  
14        Facsimile: (415) 399-8490  

15    With a copy to:  

16        Sharon Sanders  
        Legal Department  
17        Clear Channel Entertainment  
        2000 West Loop South, Suite 130  
18        Houston, TX  77027  

19  

20        Lee Smith  
        President  
        Bill Graham Enterprises, Inc.  
21        [insert address]  

22  

23  
    Dated:  August __, 2005  
24  

25                   _____  
                   Plaintiff SEBASTIAN DEFRANCESCO  
26    Dated:  August 31, 2005  

27                   _____  
                   Plaintiff SHERYL MIFSUD  
28  

12124.001.0080.b

CONSENT DECREE AND ORDER